[No. 3437.]

## Ben Cannon *v.* The State.

Hog-theft — Proof of Value.— In a trial for the theft of two hogs of the aggregate value of $22, as alleged in the indictment, the prosecuting witness swore that the hogs were worth that amount. The defense, for the purpose of showing that the hogs were not worth so much as $20, and that the offense could not be a felony, proposed to prove the market value of hogs like those in question. On objection by the State, the trial court excluded the proof offered by the defense. *Held,* that the ruling was error. The market value of such hogs, whether they were common stock or fancy, was the proper criterion, and the proposed proof was competent.

Appeal from the District Court of Freestone. Tried below before the Hon. L. D. Bradley.

All material facts are stated in the opinion of the court.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

Hurt, Judge. This is a conviction for theft of hogs, the punishment being two years' confinement in the penitentiary.

Upon the trial defendant offered to prove the *market value* of hogs of like size of the hogs charged to have been stolen. To this evidence the State objected, and the court sustained the objection, and defendant reserved his bill of exceptions. The proof of the State in regard to the value of the hogs was, in effect, that they were worth, the sow $12, and the barrow $10; that the sow would have weighed about one hundred and seventy-five or one hundred and eighty pounds, and the barrow about one hundred and thirty-five or one hundred and forty pounds. "That the sow was worth $12 because she was of good stock and a good breeder. The barrow was intended for pork." "The sow had been spayed, but not clean,

and still had hogs." "She would not have so many pigs, but they would be better ones, and she could raise them better." The above is in substance the testimony of Mr. Spence, the owner of the hogs.

Jones, a witness for defendant, "Knew the hogs well; did not know what stock they were. They were just common range hogs." At this point defendant proposed to prove by Jones the market value of such hogs as the Spence hogs, but was not permitted to do so by the court below. Upon what ground the objection to the proposed evidence was sustained we cannot perceive. It certainly was not because of the peculiar good stock and breeding qualities of the sow, for the barrow, though he may have been of good stock, was certainly valuable alone for pork.

But suppose that the State's witness had sworn that these hogs were valuable because of certain qualities, is the defendant precluded from introducing evidence in contradiction of this fact? Can, in any case, the State's theory be assumed to be true by the trial court, and, thus assuming, deny the defendant the right to adduce evidence which bears directly upon a material matter in the case? Most evidently not. If the hogs were not worth $20, defendant could not legally be convicted of a felony. This fact is determined by evidence of their market value. And while the State may show that the animals were of good stock, etc., yet the market value is the test. What were such hogs worth, considering their quality? was the question. Now, defendant proposed to prove by a witness, who knew the hogs well, what such hogs were worth in the market. That he had the right to make this proof, there can be no doubt.

Again: defendant proposed to prove by Jones the market value or price of mast-fed pork, per pound. To this the State objected, and the objection was sustained by the court. It was in proof that the sow would weigh about one hundred and eighty pounds, and the barrow one hundred and forty pounds, and that they were running on the range. If, therefore, having the weight of the hogs, defendant could have shown that the price per pound was such that the hogs could not have been worth $20, certainly he should have been permitted to do so. This was a very simple mode of showing the value of the hogs, and one resorted to daily in trials of civil suits. But it may be insisted that as Spence, the owner, valued his sow at $12 because of her good stock and breeding qualities, therefore the price of pork per pound was not the standard, or can furnish no data from which to arrive at the value of the hogs. Now, this is assuming the State's theory to be infallible.

But evidently, as before observed, the barrow could not have

been valuable for his good blood, if he had such, but was valuable in proportion to the number of pounds of pork he would yield. Hence, to ascertain his value, defendant had the right to prove the price of pork per pound of mast-fed hogs, and, by applying this price to the weight of the barrow, to determine his value.

We are of the opinion that the court erred in rejecting the proposed evidence; for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered May 6, 1885.]